Please all rise. Here to you, here to you, here to you, is the Honorable Kevin Fort from the 2nd Division District, now back in session for soon to adjourn. The Honorable Robert E. Claren, presiding. Please be seated. This case will be adopted as soon as July 16, 2009, 6 to 7. The U.S. Bank Trust National Association, now the 2nd Division of Customs. I would like to say that we are pleased to part with the U.S. Bank Trust in that we, the Honorable A. Lopez and Mark Lopez, defendants of customs. I would like to thank the defendants of customs, Mr. Daniel S. Quaggia, for being on behalf of the defendants of customs. Mr. Robert, take it away. Thank you. Mr. Quaggia? Is that right, Your Honor? Yes, Quaggia. May it please the Court, my name is Daniel Quaggia. I'm an attorney for Mario and Martha Lopez. Thank you for granting oral argument this afternoon to hear my client's case. I would first state, before I dive into the issues themselves, that the facts in this case are largely uncontroverted. There is no dispute that on March 11, 2014, when U.S. Bank filed its complaint to foreclose mortgage, the note was made payable to the Secretary of Housing and Urban Development. There is no dispute that when U.S. Bank filed its amended complaint, the allowance of attachment support was executed after the filing of the foreclosure complaint. There is no dispute that a 619 was used in part to strike the defendants' affirmative defenses, which we maintain contained improper evidence. And there is no dispute that Federal Express was used to satisfy the certified mailing requirement under 203-604 of the HUD regulation. I would start with, in my brief, I'll outline five issues. Really, there's four. But the first issue, where I objected to the amended complaint at the October 27, 2014, fully briefed motion to strike affirmative defenses, where plaintiffs moved to amend the complaint orally, I made an objection at that time, and I essentially told Judge Gibson that they hadn't stated their capacity, they hadn't stated the reason why they were amending their complaint, and I predicted that a Supreme Court 113 violation would occur. And I believe that hearing basically sets the stage for this case and what was to follow. So the first issue that I've brought before this Court today, well, the second, where the trial court erred in denying defendants' combined motion to dismiss plaintiff's amended complaint pursuant to 735 ILCS 52619.1 and Supreme Court Rule 113, where the note was endorsed to Secretary of Housing and Urban Development, a non-party to the case at the time the complaint was filed. Was it endorsed generally or just specifically? Specifically. It was a specific, it was endorsed to Secretary of Housing and Urban Development, it was a special endorsement. So it was not a blank endorsement, it was specially payable to them. And somebody from HUD did not sign it, so? The endorsement was from the original lender, Security National Mortgage Company. They endorsed the note specifically to Countrywide Bank. Countrywide Bank then specifically endorsed the note to Secretary of Housing and Urban Development. I did attach those documents in my appendix in the brief. So it wasn't a blank endorsement, it was a special endorsement paid directly to Secretary of Housing and Urban Development when U.S. Bank filed a foreclosure complaint. I filed a combined motion to dismiss with Supreme Court Rule 113. Supreme Court Rule 113B currently has no precedential authority in Illinois. I've looked at the cases and there continues to be no review of that particular rule as to how it applies to mortgage foreclosure actions. Does an assignment have to be part of the filing? No. According to the committee comments, you don't need to attach the assignment. But in this case, the assignment is really no consequence because the law is clear that mortgage is incidental to the debt. And an assignment of the mortgage without proper assignment of the note is a nullity in the law. And in this particular case, they conceded all throughout the trial court pleadings as well as even in their brief that the allonge was executed after the filing of the foreclosure complaint. So really there's no 113 violation, you're just saying there's no standing. Well, I disagree, Your Honor, because the Supreme Court Rule 113 says the note needs to be attached in its current form with all endorsements and allonges. But again, in its current form, there were no allonges. I mean, you're saying that the allonge wasn't executed until after the fact, correct? Well, that's their position, and that's when it was meant to complain. But I don't read the rule as just the first part of the rule where it says current form. It says including all endorsements and allonges. I take that to mean that when the plaintiff files its foreclosure action, they need to have their ducks lined up in a row with all endorsements and allonges that shows their standing. Do you have a case that supports that? I cited cases in passing such as Bayview Loan Servicing v. Cornejo where the note was unendorsed at filing. They moved on a motion to strike affirmative defenses. There was no note attached. And the court just said in passing that Supreme Court Rule 113 wasn't in effect. So, no, there have only been cases such as Corzine, such as Cornejo, where they discussed it in passing when notes were unendorsed. But there have been no cases that have reviewed this rule. However, you know, as someone who's practiced, you know, in foreclosure charges now for the past six years, I've seen notes endorsed to other parties. I've seen unendorsed notes. And this is exactly what the rule is designed to prevent. Isn't standing a matter that has to be raised by the defendant? It's in the nature of an affirmative defense. And it's your burden as defendant to establish lack of standing. Well, we established that by the allongement. May I just answer the question? Oh, yes. Yes, Your Honor. Well, if it's an affirmative matter that it has to be raised by you, why, in your previous statement, does the rule require that the plaintiff or the mortgagee establish with all the documentation that it has standing if supposedly you're the one that has the burden of proof? Well, the Illinois Mortgage Foreclosure Law states that in order to be in substantial compliance, you need Exhibit B, A, a mortgage, Exhibit B, a note. The Supreme Court rule says that this rule is supplemental to the Illinois Foreclosure Law. So what that tells me is that a complaint is defective at law if it's not compliant with the rule. I mean, I've had plenty of cases where a note wasn't attached and I filed a 615 motion to dismiss because a complaint was defective. This goes a step farther than that with the rule. And it's supplemental to the Illinois Foreclosure Law. But the fact that you don't file a note would infer that the note doesn't exist, does it not? Well, there was a copy of the note attached to their complaint. So I think we need to separate a little bit between just the original note and then the attachment of the allonge, which assigned the note to them and gave them the right to enforce it. Which gets back to Justice Burke's question, which is you seem to be arguing lack of standing to the extent that you're arguing that the allonge, prima facie or otherwise, establishes that the possessor of the note was not a holder in due course because there wasn't an endorsement by the HUB secretary to the plaintiff at the time the complaint was filed. Well, that's correct. Under their position of not holding the rights of a holder, they failed under that test because where the note is made payable to another, you need negotiation and delivery of the instrument. I've cited three federal cases in my brief where all the notes weren't endorsed in that case and they filed a non-holding rights of a holder status. And even the fourth case that I cited in my brief, Christian, also has that same issue. And in all those opinions, they explicitly state that if the note is made payable to another, you need delivery and negotiation. In this case, you could – Even if it's pursuant to the assignment of a mortgage. I'm sorry? Even if it's pursuant to the assignment of a mortgage, just the note only is not good enough in your opinion? Well, no, because in this case, the note was made payable to another. If the note had been unendorsed, then they maybe could have supported their argument that they were not holding the rights of a holder. But the note was made payable to another. And under the Uniform Commercial Code, as well as the cases I cited in my brief, Rangel, Hardman, Christian, Tucker, they all stand for the proposition that if the note is made payable to another, then you need to show delivery and negotiation. But the negotiation occurred after the foreclosure complaint was filed. But I still think the Supreme Court Rule 113 issue is a very pertinent issue in this case because it goes to whether the complaint was defective or not when they filed the amended complaint. They filed the amended complaint. They attached an allonge. If the plaintiff should not have filed the foreclosure unless that allonge was attached initially, whether it existed or not, then they shouldn't have even filed the foreclosure to begin with. You just said something that makes me befuddled, and that is that you said they should have attached the allonge whether it existed or not. Well, what I meant to say, Your Honor, is that they should not have filed their complaint unless that allonge was executed. Otherwise, what is the purpose of Supreme Court Rule 113? It was designed for these particular issues. We all know standing is an affirmative defense that comes up often, and I've seen, like I said, tons of unendorsed notes, notes made payable to another. And in almost every instance, the trial court judge would let them amend their complaint, and it created a lot of litigation around these issues. The purpose is to establish the status of everything as of the date of the filing. Agreed. Okay? And based upon those documents, it can be determined, hopefully, whether or not they're standing based upon whether or not, as you say, all the ducks are in a row. But to say that the statute requires you to file something that's not in existence at the time you file your complaint seems to me to be something beyond existential reality. Well, I read the rule as it says, a note in its current form, including all endorsements and allonges. I think of that as an addition to. Well, that's how I read it. Okay. How old are you? I'm 39. Okay. That's not an appropriate question. Well, it's a fundamental question because I was going to ask him, have you celebrated your 40th birthday? No, but it's coming up next month. Well, if you haven't celebrated, how will you know whether or not you will get in the mail a promissory note or an allonge? You won't know it until the day comes, right? Correct, Your Honor, but, again, what purpose does this rule have, then, if not to ensure that plaintiff mortgages file complaints with endorsed notes with allonges attached at filing? What is the purpose of the rule, then? Because we're arguing the rule is to establish what documents exist, what they say, and then if they don't say what you like them to say, you can file a motion to dismiss. And you can say, look, there's no allonge here that supposedly shows an endorsement from the HUD to the plaintiff. Now, you could have made that argument if they hadn't have filed the allonge when they did, correct? Yes, but they... No, not but. The fact that they filed it later, how does that affect your defense? As to the Supreme Court Rule 113, I understand. Because neither one. The allonge executed after the filing of the foreclosure complaint would be in parallel with Gilbert, an assignment executed after the filing of the foreclosure complaint. They had no right to bring the foreclosure to begin with, Secretary of Housing and Urban Development did. Same operative effect, whether it's an assignment or an allonge, it's regarding a transfer after the complaint has been filed. And, again, they concede that, so they lose on the standing issue, Your Honor. Do you have any other authority other than your interpretation of this statute that people are required to file documents that do not exist? No, because this rule is exclusive to Illinois, so I wouldn't be able to find that in another jurisdiction. And there are no cases in Illinois interpreting this rule. There's only decisions mentioning in passing when a complaint was filed with an unendorsed note or the note was endorsed. They said Supreme Court Rule 113 wasn't in effect. Baby, the wrong servicing of Miss Cornell is a great example of that. Can we talk about service? Yes. Can we move on, gentlemen? It's fine with me. So to wrap up my motion to dismiss, I do believe the Supreme Court Rule 113 violation occurred, and I believe that the motion to dismiss should have been granted because the complaint was insufficient at law. And then the next issue that I had raised was the sixth. You're saying it's insufficient at law because it violated the statute. But you're also arguing that the complainant, when it was filed, the plaintiff lacked standing, so, therefore, he should not have been allowed to proceed. The initial combined motion to dismiss dealt with standing and Supreme Court Rule 113. After that was denied, I filed an amended answer with affirmative defenses, raising the standing issue, again, raising the Supreme Court Rule 113 issue. Okay. We can go on to service now. Okay. Is there a particular question regarding service? Are we discussing the HUD regulations? Well, the 203-604, doesn't that statute require only that the plaintiffs proved dispatch only? They only have to show that they dispatched a letter. They don't have to show that it was served upon the person. Well, even if that was true, it says dispatch from the Postal Service, not Federal Express. And I have cited a significant amount of authority on this issue, Supreme Court of Delaware, Leatherbury v. Greenspan. In that case, there was a Delaware code in place that required certified mail, if you're going to mail a notice of intent to investigate for negligence actions. The plaintiff in that case used Federal Express as the service, and the Supreme Court found that insufficient because they determined that certified mail has one meaning, through the United States Postal Service. And Federal Express does not fit that definition. I've also cited the Michigan Appellate Court. They came to that same conclusion. And here in Illinois, I cited Mortgage Association v. Smith, federal decision, federal court here in Illinois. In that case, it looks like they attempted to use alternative service as well, and they pointed to the HUD handbook that said more acceptable alternative. They didn't exactly say what the alternative service was, but the federal court rejected it and said that the regulation is unambiguous. It says to the Postal Service, certified mail, and it's certified mail, proof of mail, which delivery is secured. Federal Express does not do that because they don't knock on your door. They don't ask for your signature. They don't leave a green card in the box. What they do is a drop-off. I thought the regulation basically said proof of dispatch. I don't know that it said that there was proof of receipt. It doesn't require proof of delivery. No, but it definitely is. That is true that certified mail is proof of mail, which delivery is secured. In order to secure that delivery, you attempt to reach the individual for signature on the card. No, no, no, no. In Illinois, you're not required to do certified mail return receipt requested. If you read the footnote in the statute, 23203.604, they say specifically the reason they are asking for return receipt requested is because these people are never going to get this notice because they're not going to sign for it. Well. Those people won't sign for it. But even if that was true, certified mail by definition requires that the homeowner, the borrower, the individual have the opportunity to sign for it. And they leave the green card in the mailbox. So there's a card in the mailbox letting them know that there's mail waiting at the post office. Federal Express is a drop-off. They don't knock on your door.  They don't ask for a signature. They simply drop it wherever it's convenient. Let me ask you this question. If counsel for the bank had attached the tracking mechanism for the Federal Express, would it need to be in a different position? No, because it's not certified mail. I think the authority is very clear throughout the country. Certified mail is one meeting through the United States Postal Service. And this regulation is unambiguous. It says postal. It says post office. It provides for no other alternatives. And there was a Supreme Court case, the Supreme Court of Virginia, that basically said that unless the statute is unambiguous, you don't even look to an agency interpretation because that would create a de facto regulation. So you look at the language, it's unambiguous, it says postal service. So they did not comply as the law was written, and therefore, in my position, they didn't meet the substantive requirements of the law. Okay. Your time is up. You'll have a chance to make rebuttals. Thank you. Do you have any relation to Mark Minuti? No, Your Honor. Justice, I don't. Second inappropriate question from the bench today. He's an attorney. That's the reason why. I do get that question a lot, actually. He's a good attorney. And Larry Minetti is his brother, and Larry Minetti was the helicopter pilot in Magnum P.I. in the TV series. Oh, really? So that's, yeah, Minutia. You may proceed. Thank you. Your Honor, may it please the Court, Counsel, my name is Margaret Minetti, and I represent Plaintiff Appellee U.S. Bank Trust National Association. This appeal stems from a fundamental misunderstanding of Rule 113. It does not create a conflict with the IMFL, and the Lopez's interpretation of the rule would result in a rewriting of the law and a limitation on who can enforce the note and foreclose. But Rule 113 is not a procedural bar to plaintiffs and does not shift the burden of pleading and proving lack of standing away from defendants. Instead, as the rule's commentary clearly states, its purpose is simply to supplement the pleading requirements of the IMFL, requiring a copy of the note in its current state attached to the complaint at the time of filing, thereby limiting litigation. Can we talk about standing a little bit here? When you filed the original complaint, you filed it as the holder of the indebtedness, correct? Correct. That was incorrect. Correct. So how did you then, I mean, when we look at Gilbert, Gilbert said unequivocally the time to look at this complaint is when it's originally filed and when the plaintiff has standing at that time, correct? Correct. So how did you get standing when you file a defective complaint that doesn't state how you actually are involved in this case? I wouldn't concede that it's a defective complaint in the sense that it didn't establish that the plaintiff had its prima facie evidence of ownership of the note. Well, but the note itself is very clear that it's specifically endorsed, not a blank endorsement, it's specifically endorsed to another party, way separate than your client, correct? The note is specifically endorsed to the Secretary of Housing and Urban Development of Washington, D.C., and any successors in assigns. Correct. Correct. But it's not a blank endorsement. It is not a blank endorsement. So it's assigned to a certain person. I understand that the assignment was entered before the complaint was filed, but the assignment was only of the mortgage, was it not? The assignment submitted in the record is the assignment of the mortgage, correct. And any interest therein. So what happened when the complaint was filed, what was the status of the note? It was in the possession of the plaintiff, and that was established. So under the case law, the submittance of the copy of the note in and of itself with the mortgage is prima facie evidence. It was then incumbent upon the defendant to prove that the plaintiff lacked standing. The plaintiff additionally had the original note in its possession. It had the assignment of mortgage predating the filing of the complaint, and it submitted affidavits attesting to its standing, possession of the original note prior to the filing of the action, and the default in indebtedness due. And so given that, under the IMFL, the burden shifted to the defendant here, and the Lopez's did not meet that burden. They failed to direct this court to any specific facts that plead or establish that the U.S. Bank did not have the original note at the time of filing or wasn't entitled to enforce it. And they don't cite any authority for the... If it's possession of the note or nothing, if I hold the note, it's not mine. It's the specific assignment to Justice McClaren, and I'm holding it. And I can come in, and I have standing just because I'm holding the note. Is that what you're telling me? I'm saying the pleading requirements under the IMFL to establish a prima facie case was satisfied, and then it became the burden shifted to the defendant to prove otherwise, which was not done here. The pleading requirement and the proof requirement are separate. At the proof requirement, the plaintiff walked into court with the original note, had the affidavits establishing what the indebtedness and the default do to it. This is like Hornejo, where the defendant in that case claimed that there wasn't an interest in the note and that the plaintiff didn't have that note prior to filing the action. Well, there seems to be a conflict of opinion here between your position and appellants. The appellants tend to believe that the alliance indicates that the assignment took place after the filing of the complaint, and, therefore, the assignment of the note, because it was executed after the filing date, indicates that on the date of the filing, the note was not assigned to you, and, therefore, you didn't have standing. You take the different position that you do have standing because you supposedly submitted an affidavit indicating that you were in possession of the note. Which are we supposed to adopt? Prima facie case only means that you, if there is no countervailing evidence, you've sustained your burden. But the countervailing evidence that's been presented is that, based upon your own documentation, the assignment wasn't affected until after the date of the filing of your complaint. And so I think you need to establish that your position is correct, which is mere possession of the note is sufficient to establish standing. Are there any cases that you've cited to that effect? There's no cases in the brief cited to the effect that possession of the original note in and of itself is proof of standing at the onset, other than, again, as I said, Cornejo, where the court determined that inconsistencies with the endorsement wasn't sufficient to establish a lack of standing, particularly where the plaintiff had the original note. So our position is there's no case that says the defendant shows lack of standing by attacking the note. The case Cornejo says that those inconsistencies that they're alluding to isn't enough to establish a lack of standing, that the possession of the original note was sufficient to entitle them to judgment. And in Cornejo, the court affirmed the dismissal of the lack of standing affirmative defense pursuant to 2-619.1 because the defendant there didn't rebut the prima facie showing, it wasn't able to show that the plaintiff lacked evidence of standing at the time of filing the complaint, and that the transfer didn't occur. And this court is pointing to the assignment. When you say the transfer didn't occur, what are you referring to? The transfer of custody or the transfer of the legal assignment through documentation? The court says the transfer didn't occur. It doesn't speak, but it's saying that they didn't have the right to foreclose or enforce the note is how I read Cornejo. And I would point this court to the assignment of mortgage, which indicates that the loan did transfer to U.S. Bank before the suit was filed. And it's consistent with U.S. Bank's evidence of possession of the original note. And so what can be known about the transfer, what's in the record and can be known about the transfer, is that from the assignment of mortgage, it took place no later than the date in which the assignment was executed. So plaintiff had established a sign made by possession of the original note, an assignment of mortgage that predated the filing of the complaint, affidavits attesting to possession of the note at the time of filing, and affidavits attesting to the default and indebtedness due to it. If the federal regulations require proof of dispatch and the source of that evidentiary proof is from the U.S. Postal Service, why did service, why was service affected by FedEx? This court doesn't have to reach that issue because the affirmative defense of HUD noncompliance was properly stricken in that the record reflects the meeting took place. This was established by affidavit. The record reflects that the meeting took place? The face-to-face meeting took place. This was established by affidavit by U.S. Bank at 376 through 95 in the record. That affidavit was not countered by the Lopez's. The affidavit submitted by Mario Lopez states that he never received a certified letter. It does not state that the face-to-face meeting didn't happen. So given that the... It also says, or been offered a face-to-face meeting. And I'll read paragraph six of the affidavit. I have never received a certified letter by mail from the plaintiff U.S. Bank, former plaintiff Bank of America, one of their services, servicers, affiliates, so on and so forth. Or been offered a face-to-face meeting at a local HUD office. So, and we've got to take that, you know, in the light of the most favorable, I guess, to the affidavit in this position, do we not? It says I never received a letter by mail, but I've also never been offered a face-to-face meeting, which you could take as never been offered a face-to-face meeting by letter, by mail, by FedEx, by anybody. I would argue that the affidavit simply attests that a certified letter was not received and that a face-to-face meeting was not offered at a location of the plaintiff. The affidavit submitted by U.S. Bank shows that the face-to-face meeting took place at their residence and the documents were exchanged and received. So whether or not the letter was sent via FedEx or via certified mail is moot because the purpose of the HUD regulation was met here. The meeting took place where the documents were exchanged and the affidavit submitted by U.S. Bank shows the records establishing that. What if we were to decide that what Justice Burke just read to you, at minimum, created a material issue of fact, then would that not then mean that we would still have to resolve the issue of the FedEx delivery? No, I don't think it does create a issue. Or at least send it back to the trial court to determine the material issue of facts and grant judgment one way or the other. And then if it did rule that they weren't given notice, then he would have to or she would have to then decide whether or not the FedEx service was appropriate. And I thought he said that it was substantial compliance or did he buy it? He struck the affirmative matter, did he not? He struck the affirmative matter, correct. And no, Your Honor, reversal here would be much like the courts said in Wilson, that it's nothing more than a windfall to the plaintiff or to the defendant who has resided on the property for six years without payment. The intent was met. The letter is only required to show a reasonable effort to make that meeting take place. But since the meeting took place, the letter is immaterial. And so there's no genuine issue of fact to be determined because that defense was properly stricken. The defendant could not show that the intent was not satisfied. He is merely trying to create reversal on the mere technical defect that it was sent via FedEx instead of certified. And Justice Shostak was correct in pointing that the FedEx tracking system was here and part of the record. It was Exhibit 6 to the U.S. Bank's affidavit. And it doesn't require the HUD regulation doesn't require return receipt. So, again, the arguments being made by the Lopez's here are moot. The intent was met. The regulation was satisfied. Reversal on the technical default would be a windfall, much like in PMC v. Wilson. How does the tracking label show dispatch? Do you agree that the regulation requires dispatch? The regulation requires dispatch. How does the tracking label show that? The FedEx shows that the affidavit attests that as part of their records, they show the letter and the FedEx label indicating that the letter was sent to them. The affidavit laid the foundation for those business records and said it was the normal course of their business. Again, though, I would point that all of those contentions, these are to show a reasonable effort to make that meeting happen. That's why you have the FedEx solicitation or, excuse me, the HUD solicitation letter for a face-to-face and a property visit. Those are to show reasonable effort. You don't have to show reasonable effort if you actually have the meeting. So there's no issue before this court to determine on that because the defense was properly stricken. The meeting took place in order to reach whether or not the defendant doesn't dispute that the meeting took place. Correct. The affidavit doesn't. And if I may now move on to why Rule 113 is not a procedural bar to a foreclosure action and didn't shift the burden, the plaintiff complied with Rule 113 here. Lopez has never established noncompliance, and the plaintiff even submitted an affidavit into evidence establishing its compliance with the rule. The rule is a procedural supplement to the pleading requirements of the IMFL to attach a copy of the note in its current statement. And as the Lopez attorney pointed out, the commentary is instructive here and reveals its intent. The intent is a judicial economy, and it does not bar a plaintiff from filing unless the whole chain is affixed to the note. It merely requires a copy of the note in its current state. Any other questions? So, I mean, just to boil us down to the nitty-gritty, your argument on standing is the assignment of the mortgage plus possession of the original note is enough. And the affidavit that the plaintiff submitted into evidence established that the circuit court's orders were proper and that the plaintiff had standing at the outset and standing to afford a judgment here. Well, I mean, Gilbert, I'm just concerned about the standing right now at the outset. The plaintiff's complaint was filed. The note as it existed was attached. And then later, and filed as holder of the note, which was later amended to nonholder of the note. Again, I would point that the prior facial evidence was met. Again, this is similar to Cornejo. They have to show they didn't have possession. They weren't the holder, and they weren't entitled to enforce it or otherwise foreclose. They didn't do that here. Well, I mean, their argument is going to be that just looking at the documents proves it. Looking at the documents shows it. I mean, that's their argument. I mean, that's the argument they made in the trial court that they can hear. That's not in line with 30 years of the IMFL that says the mere copy of the note in and of itself is prima facie evidence because these are not public documents. I mean, you would agree that the vast majority of cases we see when we're talking about possession of the note is either possession, actually naming the plaintiff, or endorsed in blank. I would argue that possession of the note was sufficient here with all the other evidence in the record to affirm the circuit court's orders. If there are any other questions? No, I don't think so. Thank you. Mr. Quaggio? I would first like to address the HUD regulation issue. My clients never had a meeting with anyone, and a meeting entails a meeting. How can you say that if the affidavit didn't say that? It does say that. It says that you received a certified letter and opportunity to conduct a face-to-face meeting. It said it never received an offer. I have to look back at my affidavit again, Your Honor, but he said he received a certified letter. If it was most appropriate, it would have said, I never had a meeting. I was never offered a meeting. I never received notice of an offer of meeting. Well, here's the issue, Your Honor, and she's confusing a meeting between a field visit. She's saying that because someone came to the house as a field representative, a meeting occurred. That's not a meeting. A meeting is at a bank, and you discuss the different loss mitigation options. That never occurred. And under Countrywide Bruce Wilkinson, as well as the statute, there's a two-part process here. One is you have to send a certified letter through the Postal Service and make one property visit to the house. She's alleging that there was a visit to the house. There was never a meeting. And she's confusing the two. And her affidavit does not state that a meeting occurred. She's relying on a visit to the house. That's not a meeting. A meeting is a face-to-face sit-down at a bank discussing different loss mitigation options. Where does it say that he has to be at the bank? Well, it says local office. I think local bank. I mean bank or HUD office. But I allege in my answer to affirmative defense that there was multiple Bank of Americas within the 200-mile radius, and they could have done a face-to-face. But that never occurred. Obviously, the mailing service is insufficient because it was Federal Express. The second part she's alleging to a field visit. Secondly, which I didn't touch at all, and I want to just brief very quickly, is that a combined motion under 2619.1 was used to strike my client's affirmative defenses. M-part is 619 with attached evidence. That's improper under the law. It's a procedural tool that's designed for the defendant. The federated case that originated from this court said that. I've seen other cases that filed under Rule 23 opinions. If you're interested, it knows. But that alone warrants reversal of the action because they used a procedural tool that was not available to the plaintiff to strike the defendant's affirmative defenses at the second motion to strike. With respect to Cornejo, Cornejo involved a case where the note was unendorsed at filing. It has no relevance to this case at all. This note was endorsed to Secretary of Housing and Urban Development. That triggers 201B. Am I to understand that your argument is that you cannot file a 619 against a 619 on the basis that there's no prior authority authorizing it? Well, 619.1 is a combined motion. What would have been appropriate is a 615 and a 1005. They're going to strike as a summary determination as to the issues. But they used a 619 in part of their motion. They attached affidavits, a Federal Express tracking label. And my defense was struck based on that evidence. And I cited to the record what Judge Gibson said as much. So they used an improper procedural tool to strike my client's defenses. And very briefly, what I asked you was, which you did not answer, was your argument appears to be that this is unauthorized or improper because there's no prior citation to authority that would allow them to do so? Or you are unaware of any authority for that? They didn't cite any cases to back up their nuanced argument that they could use a 619. It is a procedural tool for the defendant, and it would be unauthorized to answer your question, yes. They didn't. Did you? Federated. That's a case that originated from this court in 1988. It said that you cannot use a 619? That's exactly what it said. In that case, the church used a defense of arbitration, and the plaintiff used a motion to strike with improper exhibits attached that basically struck the affirmative defense of arbitration because the affidavit stated something else that conflicted it. This court said that was improper. North Community Bank for Zion, First District opinion, that's a Rule 23. They came to the same conclusion as well that you cannot use a 619. Are you also saying that there is no other mode or manner to attack your 619 other than a full trial? Well, no. They could have done a 619.1, but if they're going to do a summary determination as to the issues on a motion to strike, it should have been a 615 and a 1005. That should have been the two subparts under 619.1. They used or utilized a procedural tool not available to them. And just briefly, Your Honor, unless you have additional questions on that, I really would compel this court to take a serious look at Supreme Court Rule 113 because if you don't, we're carving out a path now for them to essentially circumvent this rule. If it's not to me, you have the note attached with all endorsements and allonges, then what is it to me? So this rule is a procedural bar to a foreclosure. It renders the complaint defective. And if we don't have some kind of enforcement behind this rule, it's going to be rendered meaningless. And under their interpretation right now, they're creating a nice path to circumvent this rule, which is supposed to deal with these issues. So, and again, with the standing under the Uniform Commercial Code, with the notice tabled to another, you need delivery and you need negotiation. Negotiation in this case occurred after the foreclosure complaint was filed and the amended complaint. When you say negotiation, you actually mean the written assignment of the note, not a quid pro quo negotiation? Well, negotiation on the instrument itself. I think you can assign a note through written assignment as well. Didn't the affidavit establish that there was delivery before the filing of the complaint? The affidavit is a condolence employee. It's not a bank employee, for one. For two, they state that they had the original and then they sent the note off to the servicer for endorsement. You can find that on the second page. So, again, they concede that they had a note endorsed to them at filing. I don't think you answered my question. Okay. I'm sorry, Your Honor. You said delivery and negotiation. Yes. And I said to you, in respect to delivery, the fact that they had the note, even though it may or may not have been properly endorsed, and the affidavit in support thereof indicated that they had the note delivered to them by HUD prior to the filing of the complaint. So delivery is not the issue because, based upon an uncontroverted affidavit, they had delivery of the note. Now, you then said negotiation. And I assume you mean, when you say negotiation, you mean that the note was properly endorsed by an authorized agent assigning the note to the plaintiff. Yes, that would be correct, an endorsement from secondary. As opposed to an offer and acceptance of blah, blah, blah, blah. Yes, yes, Your Honor. Negotiation from secondary housing and urban development. There is a mortgage assignment, but that mortgage assignment is void because it occurred and that was executed before the note had been transferred. Also, I'd like to make one point about this original note. It was not even produced until two years into the proceeding. Judge Gibson asked for it at the first motion to strike. They didn't have it. It was not produced until two years later. It's a Cadillus employee saying that they even had the original. And if you look at the facts of this case, February 24th, 2014, the case… Didn't they have a copy of the note attached? A copy, not the original. Yes, but there's case law that indicates that a copy is sufficient. And wouldn't a copy indicate that probably somewhere either they or some third party in conspiracy with them made a Xerox copy of the original note and then delivered it to them? Well, the IMFL states the copy is sufficient, but sometimes there's rebuttable evidence in the trial court that demands production of the original. And it was, was it not? Two years into the proceeding, yes. Okay. Would a year and a half be insufficient also? No, but they only need part of the uniform commercial code, Your Honor, which is delivery. The note was not negotiated to HUD prior to filing the foreclosure. And I do believe that they also violated Supreme Court Rule 113 in this instance. Okay. Thank you. We will take the case under advisement. There's one more case on the call. The Court is in recess.